## UNITED STATES v. NEW ENGLAND FISH EXCHANGE et al.

(District Court, D. Massachusetts. January 16, 1923.)

No. 810.

Monopolies ⬥⟹24(2)—Motion to modify decree denied.

Motion to modify decree requiring dissolution of a combination of fish companies and prohibiting the New England Fish Exchange from making and enforcing certain conditions to the doing of business on the Exchange denied.

In Equity. Suit by the United States against the New England Fish Exchange and others. On motion for modification of decree. Denied.

See, also, 258 Fed. 732.

The United States Attorney, for the United States.

Harold Williams, Jr., of Boston, Mass., for petitioners John R. Neal Co. and Bay State Fishing Co.

Blodgett, Jones, Burnham & Bingham and A. C. Burnham, all of Boston, Mass., for defendants.

BINGHAM, Circuit Judge. These are the petitions of the John R. Neal Company and of the Bay State Fishing Company for modification of the decree of December 4, 1919, and particularly paragraph 7, which reads as follows:

"All the defendants, and each of them, their officers, directors, servants, and agents, are enjoined not to bid either directly or indirectly as purchasers of any fish in which they respectively have directly or indirectly an interest of 50 per cent. or more; and the New England Fish Exchange shall not require, as a condition of acquiring or exercising the right to purchase fish on the Exchange, that any producer of fish shall offer any of its fish on the Exchange, except fish discharged at the pier and to be sold to members of the Exchange: Provided, however, that this shall not preclude the sale of fish on the pier off the Exchange after discharge into stores in the ordinary course of business."

We see no occasion for granting these petitions. By paragraph 4 of the decree the Bay State Fishing Company was to be dissolved to the extent of restoring its eight concerns to the competitive conditions under which they formerly did business on the Boston Fish Pier and

through the New England Fish Exchange, and the dissolution was to take place in the manner set forth in the plan filed in court by the Bay State Fishing Company on or about the 19th of November, 1919,

"except that the Bay State Fishing Company, for the purpose of acquiring a store on the Boston Fish Pier for the conduct of its business [was-to] have the right to liquidate one of the eight concerns heretofore mentioned and to merge its assets, including a lease of a store on the pier, with those of its own. And said Bay State Fishing Company [was not to] directly or indirectly acquire any of said eight concerns or any interest therein or in the assets thereof, except as aforesaid."

It is plain that under the decree the Bay State Fishing Company was not authorized to hold the stock of any of the eight concerns mentioned in this paragraph of the decree, but was permitted to liquidate one of the eight concerns and merge its assets, including the lease of a store on the pier, with those of its own, so that it could have a store there for the conduct of its own business. In this respect it would seem, according to the allegations of the petitions here under consideration, that the Bay State Fishing Company has not complied with the decree, for it is alleged that it still maintains the John R. Neal Company as a distinct concern, without having liquidated it and merged its assets with its own. The Bay State Fishing Company should have liquidated the John R. Neal Company. This would have given it a store on the pier as contemplated by the decree, and, under paragraph 7 of the decree, it could land at its store from its own vessels such fish as it desired to sell to persons other than members of the Exchange, without first having offered it on the Exchange, for paragraph 7 provides that the New England Fish Exchange shall not require, as a condition of acquiring or exercising the right of purchasing fish on the Exchange,

"that any producer of fish shall offer any of its fish on the Exchange, except fish discharged at the pier and to be sold to members of the Exchange."

When the Bay State Fishing Company complies with the decree, as it should at once, by liquidating the John R. Neal Company, it will be in a position to take to its store on the pier such of the fish it produces as it desires for sale in the ordinary course of business, but not for sale to members of the Exchange, as such fish as they desire to sell them must be offered on the New England Fish Exchange for competitive bidding. If, when this is done, a portion of a given catch is taken by the Bay State Fishing Company to its store on the pier and the balance is sold on the Exchange, it will have no difficulty in ascertaining the value of the catch for the purpose of paying its fishermen, and the circumstances under which it is likely to take an entire catch to its store are so rare that we do not regard it as of any consequence on the question of determining the pay of its fishermen. In fact, we regard the restriction as to bidding placed upon a member of the Exchange who is a producer owning an interest of 50 per cent. in fish offered for sale on the Exchange as one of the chief provisions of the decree and not to be departed from.